PREET BHARARA
United States Attorney for the
Southern District of New York
By: BRANDON H. COWART
Assistant United States Attorney
86 Chambers Street, 3rd Fl.
New York, New York 10007
Telephone: (212) 637-2693
Facsimile: (212) 637-2702
E-mail: brandon.cowart@usdoj.gov



RECEIVED
OCT 28 2010
U.S.D.C. S.D. N.Y.
COMPLETED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

    -against-

FIRST FUNDS, LLC, FIRST FUNDS
HOLDINGS, LLC, and PRINCIPIS CAPITAL,
LLC,

                Defendants.

Case No. 10 Civ. 6540 (JGK)

**FIRST AMENDED
COMPLAINT**

---

    Plaintiff, United States of America (the "United States"), by its attorney Preet Bharara,

United States Attorney for the Southern District of New York, for its complaint alleges, upon

information and belief, as follows:

### PRELIMINARY STATEMENT

    1.    This is a civil action brought by the United States, on behalf of its agency the

Internal Revenue Service ("IRS"), to foreclose on tax liens placed upon the accounts receivables

of non-party Completely Casual, Inc. ("Completely Casual"), accounts receivables which

Completely Casual transferred to defendant First Funds, LLC ("First Funds") after these tax liens

arose.  In the alternative, this action also asserts a claim for tortious conversion of the accounts

receivables against First Funds.

2.     The tax liens at issue (the "Federal Tax Liens") arose because Completely Casual, an operator of Ruby Tuesday restaurant franchises in Kentucky, failed to pay federal employment taxes for the tax years 2004, 2005 and 2006. Accordingly, the IRS filed Notices of Federal Tax Liens in Kentucky in 2005, 2006 and 2007 (copy attached as Exhibit A), in favor of the IRS and against the property and rights to property of Completely Casual arising on or after the date the liens arose. The encumbered property and rights to property include, as relevant here, accounts receivables that credit card companies owed to Completely Casual as a result of customers paying for food and services by credit card.

3.     After the Notices of Federal Tax Liens were filed, First Funds and Completely Casual entered into an agreement whereby First Funds provided financing to Completely Casual. In exchange, First Funds was permitted to transfer to itself, on a daily basis, a portion of credit card receivables directly from Completely Casual's bank account, thereby preventing the IRS from collecting the encumbered receivables from Completely Casual.

4.     This action has been authorized and requested by a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States pursuant to 26 U.S.C. §§ 7401 and 7403.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7403.

6.     Venue is proper pursuant to 28 U.S.C. § 1391 because First Funds is located in this judicial district, the agreement between First Funds and Completely Casual was executed in part in this judicial district, and the proceeds of the accounts receivables at issue were received by First Funds in this district.

## PARTIES

7.     Plaintiff the United States is a sovereign and body politic that acts through various agencies including the IRS.

8.     Defendant First Funds, LLC ("First Funds") was a New York limited liability company at all times relevant to this action. In 2009, First Funds changed its name to First Funds Holdings, LLC.

9.     Defendant First Funds Holdings, LLC is a New York limited liability company which, according to the New York Department of State, was formerly known as First Funds, LLC.

10.     Defendant Principis Capital, LLC is a New York limited liability company which, according to the New York Department of State, was formerly known as First Funds, LLC.

11.     First Funds Holdings, LLC and/or Principis Capital, LLC are successors to First Funds, LLC.

12.     First Funds Holdings, LLC and/or Principis Capital, LLC are liable to the United States for the relief requested herein against First Funds.

13.     Non-party taxpayer Completely Casual operated a Ruby Tuesday's franchise with five locations in Kentucky. Completely Casual's principal office was located in Fayette County, Kentucky, until August 2007, and in Bourbon County, Kentucky, thereafter.

## FACTUAL ALLEGATIONS

**Completely Casual's Employment Tax**
**Liabilities for 2004, 2005, and 2006**

14.     The IRS has assessed federal employment taxes against Completely Casual in the amounts of $123,614.34, $188,078.93, and $107.168.31, for the tax years 2004, 2005 and 2006,

respectively (together, the "Employment Tax Liability"). These balances reflect statutory additions computed through April 1, 2009.

15. The IRS recorded Notices of Tax Liens for the Employment Tax Liability in Fayette County, Kentucky, as follows: for the tax year 2004, on December 21, 2005; for the tax year 2005, on December 31, 2005, February 1, 2006, and September 11, 2006; and, for the tax year 2006, on March 14, 2007.

16. In addition, on October 4, 2007, the IRS recorded another Notice of Tax Lien on account of the Employment Tax Liability in Bourbon County, Kentucky (copy attached as Exhibit B).

17. The Federal Tax Liens referenced in paragraph 15 applied to all property and rights to property belonging to Completely Casual including, as relevant here, its future credit card accounts receivables. *See* 26 U.S.C. §§ 6321 and 6322.

18. For the Employment Tax Liability, Final Notices of Intent to Levy with appeal rights were sent to Completely Casual on December 15, 2005, August 29, 2006, and March 2, 2007. Completely Casual did not exercise its appeal rights.

19. Despite notice of the tax assessments and demand for payment thereof, to date, Completely Casual has not paid the Employment Tax Liability.

**First Funds Transfers Completely Casual's
Encumbered Accounts Receivables to Itself**

20. In June, July and September 2007, Completely Casual and First Funds entered into six agreements (collectively, the "First Funds Agreements"), through which First Funds provided cash advances to Completely Casual totaling over $450,000 (called the "Purchase Price" in each of the First Funds Agreements).

4

21.     In exchange, Completely Casual gave First Funds a collateral assignment of

future accounts receivables totaling approximately $610,000 (called the "Specified Amount" in

each of the First Funds Agreements).  Under the First Funds Agreements, First Funds enforced

this payment right by transferring to itself, on a daily basis directly from Completely Casual's

bank account, an amount of money computed as a certain percentage of Completely Casual's

prior day's credit card receivables.  The percentage of withdrawal (called the "Specified

Percentage" in each First Funds Agreements) varied with each agreement from twenty to twenty-

five percent.  First Funds was entitled to withdraw money from Completely Casual's bank

account until the Specified Amount in each First Funds Agreement was repaid.

22.     The above terms are summarized below, corresponding to the date when each

First Funds Agreement was finalized:

| Date | "Purchase Price" | "Specified Amount" | "Specified Percentage" |
|------|------------------|--------------------|------------------------|
| June 12, 2007 | $116,800 | $157,680 | 25 |
| June 12, 2007 | $100,000 | $135,000 | 25 |
| June 12, 2007 | $60,000 | $81,000 | 25 |
| July 25, 2007 | $60,000 | $81,000 | 20 |
| July 25, 2007 | $60,000 | $81,000 | 20 |
| September 5, 2007 | $55,000 | $75,000 | 25 |
| Total | $451,800 | $610,680 | |

23.     First Funds has collected the Specified Amount of each First Funds Agreement

from Completely Casual.

**First Funds' Knowledge of**
**the Federal Tax Liens**

24.     The First Funds Agreements were entered into after the Federal Tax Liens arose

and after the IRS filed the Notices of Tax Liens.

25.     By virtue of these recorded notices, First Funds knew or should have known of

the Federal Tax Liens.  The First Funds Agreements themselves call for First Funds to file a

UCC-1 Financing Statement in order to provide notice to the public of the transactions between First Funds and Completely Casual being made pursuant to the First Funds Agreements.

26. By letter dated September 4, 2007, the IRS requested that First Funds provide information about the First Funds Agreements, attaching a copy of the Notices of Tax Liens. In response, Michael White, Vice President of First Funds, contacted the IRS and disputed that the Federal Tax Liens had priority over First Funds' interest in the accounts receivables. After receiving the September 4th letter, First Funds continued to transfer to itself proceeds of Completely Casual's credit card accounts receivables.

27. On October 19, 2007, the IRS served on First Funds a Form 668A, Notice of Levy, to recover the accounts receivables proceeds transferred from Completely Casual (copy attached as Exhibit C). Receipt of the levy notice was acknowledged by Mr. White on October 24, 2007. First Funds did not respond to the levy and continued to transfer to itself proceeds of Completely Casual's credit card accounts receivables.

28. On December 5, 2007, the IRS served on First Funds a Form 668-C, Final Demand for Payment, seeking the surrender of accounts receivables proceeds transferred from Completely Casual (copy attached as Exhibit D). On December 17, 2007, Mr. White informed the IRS that First Funds would not respond to the demand. First Funds thereafter continued to transfer to itself proceeds of Completely Casual's credit card accounts receivables.

### FIRST CLAIM FOR RELIEF
#### (Foreclosure on Federal Tax Liens)

29. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 28 of this Complaint as if fully set forth in this paragraph.

30. The IRS made assessments against Completely Casual for deficiencies in the payment of federal employment taxes for the tax years 2004, 2005 and 2006.

31.     Pursuant to 26 U.S.C. §§ 6321 and 6322, a federal tax lien arose as of the date of each assessment in favor of the United States upon all property and rights to property of Completely Casual in the amount of the assessment, plus interest, penalties and costs subsequently accrued.  These liens attached to all property and rights to property held by Completely Casual at the time of each assessment, and to all property and rights to property subsequently acquired by Completely Casual, including any future credit card accounts receivables.

32.     In June, July and September 2007, under the First Funds Agreements, Completely Casual transferred its interest in a certain percentage of future credit card accounts receivables to First Funds.  First Funds thereafter directed to itself approximately $610,000 in credit card accounts receivables from the bank account of Completely Casual.

33.     The Federal Tax Liens on Completely Casual's future credit card accounts receivables were not affected by the First Funds Agreements or subsequent transfer of the proceeds thereof to First Funds.

34.     First Funds received Completely Casual's interest in future credit card accounts receivables, as well as the proceeds thereof, subject to the Federal Tax Liens.

35.     The Federal Tax Liens have not been satisfied.

36.     The funds from the credit card accounts receivables should be paid over to the United States, which is foreclosing on its liens against the proceeds of such accounts receivables.

## SECOND CLAIM FOR RELIEF
### (Tortious Conversion)

37.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 36 of this Complaint as if fully set forth in this paragraph.

38.     First Funds is liable to the United States for tortiously converting the proceeds from the credit card accounts receivables.

39.     The IRS duly recorded the Notices of Tax Liens in 2005, 2006 and 2007, in Fayette County, Kentucky, the county where Completely Casual's principal office was located until August 2007.

40.     Completely Casual's credit card accounts receivables arising on or after the date upon which the Federal Tax Liens arose are property of the United States.

41.     The Notices of Tax Liens were recorded prior to Completely Casual and First Funds entering into the First Funds Agreements.

42.     After execution of the First Funds Agreements, Completely Casual acquired credit card accounts receivables.  These receivables are the property of the United States.

43.     Although First Funds knew or should have known that the IRS had liens on all of Completely Casual's current and future property and rights to property, including future credit card accounts receivables, First Funds transferred to itself approximately $610,000 of Completely Casual's credit card receivables.

44.     First Funds' actions in transferring to itself a percentage of Completely Casual's future credit card receivables, and the proceeds thereof, are inconsistent with and interfere with the United States' ownership and possessory interests in the receivables.

45.     First Funds' actions have prevented the IRS from obtaining the proceeds of accounts receivables paid by credit card companies to Completely Casual.

46.     First Funds refused to return the proceeds of the credit card accounts receivables despite demand from the IRS.

47.     First Funds' acts in procuring the transfer of a portion of Completely Casual's credit card accounts receivables to itself were intentional and tortious.

48.     First Funds is liable to the United States for the proceeds of the credit card accounts receivables transferred to it from Completely Casual since June 2007.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States requests that the Court enter judgment:

(a)     Declaring that the Federal Tax Liens that arose against the credit card accounts receivables of Completely Casual are valid;

(b) .    Declaring that the Federal Tax Liens have priority over the interests of First Funds in the credit card accounts receivables and proceeds thereof;

(c)     Declaring that the Federal Tax Liens be enforced and foreclosed against the credit card accounts receivables proceeds received by First Funds that were subject to such liens;

(d)     Declaring that First Funds is liable for tortious conversion of the credit card accounts receivables proceeds in an amount equal to the receivables First Funds received from Completely Casual that were subject to the Federal Tax Liens;

(e)     Against First Funds in an amount equal to the credit card accounts receivables proceeds First Funds received from Completely Casual that were subject to the Federal Tax Liens;

(f)     Granting the United States its costs, disbursements, and such further relief as the Court deems just and proper.

Dated: New York, New York
October 28, 2010

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for the Plaintiff*

*B Cowart*

By:  BRANDON H. COWART
Assistant United States Attorney
86 Chambers Street, 3rd Fl.
New York, New York 10007
Telephone: (212) 637-2693
Facsimile: (212) 637-2702
E-mail: brandon.cowart@usdoj.gov

# EXHIBIT A

```
-----------------------------------------------+-----------------------------------------------
      INTERNAL REVENUE SERVICE                  | Lien Recorded    : 03/14/2007 - 08:25AM
   FACSIMILE FEDERAL TAX LIEN DOCUMENT          | Recording Number: 200703140042
                                                | UCC Number       :
                                                | Liber            : 359
                                                | Page             : 692-693
-----------------------------------------------+-----------------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #2           | IRS Serial Number: 349199007
Lien Unit Phone: (800) 913-6050                 |
-----------------------------------------------------------------------------------------------
```

                        This Lien Has Been Filed in Accordance with
                        Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer :
   COMPLETELY CASUAL INC, a Corporation

Residence :
   310 OLD EAST VINE STREET
   LEXINGTON, KY 40507-1582

With respect to each assessment below, unless notice of lien
is refiled by the date in column (e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|----------|------------|---------------|--------------|---------------------|--------------------|
| 941      | 06/30/2006 | 31-1501683    | 11/06/2006   | 12/06/2016          | 78447.28           |

```
-----------------------------------------------------------------------------------------------
Filed at:     COUNTY COURT CLERK
              FAYETTE COUNTY                                    Total  | $      78447.28
              LEXINGTON, KY 40507
-----------------------------------------------------------------------------------------------
```

This notice was prepared and executed at DETROIT, MI
on this, the 06th day of March, 2007.

```
-----------------------------------------------+-----------------------------------------------
Authorizing Official:                           | Title:
   LINDA F EDWARDS                              | REVENUE OFFICER              22-11-3523
-----------------------------------------------------------------------------------------------
```

COURT RECORDING DATA

```
--------------------------------------------+--------------------------------------------
       INTERNAL REVENUE SERVICE             | Lien Recorded    : 09/11/2006 - 00:00AM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT       | Recording Number: 200609110116
                                            | UCC Number       :
                                            | Liber            : 348
                                            | Page             : 196
--------------------------------------------+--------------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #2       | IRS Serial Number: 314153606
Lien Unit Phone: (800) 913-6050             |
--------------------------------------------+--------------------------------------------
```

              This Lien Has Been Filed in Accordance with
                Internal Revenue Regulation 301.6323(f)-1.

```
-------------------------------------------------------------------------------------
```
Name of Taxpayer :
   COMPLETELY CASUAL INC, a Corporation

```
-------------------------------------------------------------------------------------
```
Residence :
  310 OLD EAST VINE STREET
  LEXINGTON, KY 40507-1582
```
-------------------------------------------------------------------------------------
```
  With respect to each assessment below, unless notice of lien
  is refiled by the date in column(e), this notice shall constitute
  the certificate of release of lien as defined in IRC 6325(a).

```
-------+-----------+-------------+-------------+------------------+------------------
 Form  |  Period   |  ID Number  |  Assessed   | Refile Deadline  | Unpaid Balance
 (a)   |   (b)     |    (c)      |    (d)      |      (e)         |      (f)
-------+-----------+-------------+-------------+------------------+------------------
 941   | 12/31/2005| 31-1501683  | 06/19/2006  |   07/19/2016     |    123546.06
```

```
-------------------------------------------------------------------------------------
Filed at:    COUNTY COURT CLERK
             FAYETTE COUNTY                             Total  | $    123546.06
             LEXINGTON, KY 40507
-------------------------------------------------------------------------------------
```
This notice was prepared and executed at DETROIT, MI
on this, the 31st day of August, 2006.
```
-------------------------------------------------------------------------------------
Authorizing Official:               | Title:
   LINDA EDWARDS                     | REVENUE OFFICER          22-04-5009
-------------------------------------------------------------------------------------
```

COURT RECORDING DATA

```
--------------------------------------+---------------------------------------
        INTERNAL REVENUE SERVICE      | Lien Recorded  : 02/01/2006 - 08:30AM
 FACSIMILE FEDERAL TAX LIEN DOCUMENT  | Recording Number:
                                      | UCC Number     : 200602010016
                                      | Liber          : 335
                                      | Page           : 461
--------------------------------------+---------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #2 | IRS Serial Number: 269994106
Lien Unit Phone: (800) 913-6050       |
--------------------------------------+---------------------------------------
```

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer :
  COMPLETELY CASUAL INC, a Corporation

Residence :
  310 OLD E VINE ST
  LEXINGTON, KY 40507-1582

With respect to each assessment below, unless notice of lien
is refiled by the date in column (e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|----------|------------|---------------|--------------|---------------------|--------------------|
| 941      | 09/30/2005 | 31-1501683    | 12/19/2005   | 01/18/2016          | 9725.81            |

| | | |
|---|---|---|
| Filed at:  COUNTY COURT CLERK<br>FAYETTE COUNTY<br>LEXINGTON, KY 40507 | Total | $   9725.81 |

This notice was prepared and executed at DETROIT, MI
on this, the 24th day of January, 2006.

| Authorizing Official:<br>  LINDA EDWARDS | Title:<br>REVENUE OFFICER     22-04-5009 |
|---|---|

```
+----------------------------------------------+-------------------------------------------------
|      INTERNAL REVENUE SERVICE                | Lien Recorded     : 12/21/2005 - 08:56AM
|   FACSIMILE FEDERAL TAX LIEN DOCUMENT        | Recording Number: 200512210120
|                                              | UCC Number        :
|                                              | Liber             : 333
|                                              | Page              : 318-319
+----------------------------------------------+-------------------------------------------------
```

Area: SMALL BUSINESS/SELF EMPLOYED #2  | IRS Serial Number: 263203505
Lien Unit Phone: (800) 913-6050

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer :
   COMPLETELY CASUAL INC, a Corporation

Residence :
   310 OLD EAST VINE ST STE 101
   LEXINGTON, KY 40507-1582

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|----------|------------|---------------|--------------|---------------------|--------------------|
| 940      | 12/31/2004 | 31-1501683    | 04/18/2005   | 05/18/2015          | 5815.96            |
| 941      | 09/30/2002 | 31-1501683    | 01/06/2003   | 02/05/2013          | 7097.69            |
| 941      | 09/30/2004 | 31-1501683    | 01/10/2005   | 02/09/2015          | 7531.40            |
| 941      | 12/31/2004 | 31-1501683    | 03/07/2005   | 04/06/2015          | 87660.91           |
| 941      | 03/31/2005 | 31-1501683    | 07/04/2005   | 08/03/2015          | 10378.72           |
| 941      | 06/30/2005 | 31-1501683    | 10/03/2005   | 11/02/2015          | 1366.28            |

Filed at:      COUNTY COURT CLERK
               FAYETTE COUNTY                         Total  |  $      119850.96
               LEXINGTON, KY 40507

This notice was prepared and executed at DETROIT, MI
on this, the 08th day of December, 2005.

Authorizing Official:              | Title:
   LINDA EDWARDS                   | REVENUE OFFICER              26-04-5009

# EXHIBIT B

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT | Lien Recorded  : 10/04/2007 - 00:00AM<br>Recording Number:<br>UCC Number    :<br>Liber         : 28<br>Page          : 359 |
|---|---|

Area: SMALL BUSINESS/SELF EMPLOYED #2 | IRS Serial Number: 393908907
Lien Unit Phone: (800) 913-6050

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer :
   COMPLETELY CASUAL INC, a Corporation

Residence :
   805 MAIN STREET
   PARIS, KY 40361

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| 940 | 12/31/2000 | 31-1501683 | 07/16/2001 | 08/15/2011 | 9697.94 |
| 941 | 12/31/2000 | 31-1501683 | 06/25/2001 | 07/25/2011 | 17077.47 |
| 941 | 09/30/2002 | 31-1501683 | 01/06/2003 | 02/05/2013 | 5846.15 |
| 941 | 09/30/2004 | 31-1501683 | 01/10/2005 | 02/09/2015 | 7531.40 |
| 941 | 12/31/2004 | 31-1501683 | 03/07/2005 | 04/06/2015 | 87660.91 |
| 941 | 03/31/2005 | 31-1501683 | 07/04/2005 | 08/03/2015 | 10378.72 |
| 941 | 09/30/2005 | 31-1501683 | 12/19/2005 | 01/18/2016 | 9741.81 |
| 941 | 12/31/2005 | 31-1501683 | 06/19/2006 | 07/19/2016 | 123618.06 |
| 941 | 06/30/2006 | 31-1501683 | 11/06/2006 | 12/06/2016 | 78471.28 |

| Filed at:  COUNTY CLERK<br>BOURBON COUNTY<br>PARIS, KY 40361 | Total | $    350023.74 |
|---|---|---|

This notice was prepared and executed at DETROIT, MI
on this, the 26th day of September, 2007.

| Authorizing Official:<br>   LINDA F EDWARDS | Title:<br>REVENUE OFFICER          22-11-3523 |
|---|---|

# EXHIBIT C

Department of the Treasury – Internal Revenue Service
**Notice of Levy**

DATE: 10/19/2007

REPLY TO: **Internal Revenue Service**
  **LINDA F EDWARDS**
  **1500 ORMSBY STATION COURT**
  **LOUISVILLE, KY 40223-4019**

TELEPHONE NUMBER
OF IRS OFFICE: (502)420-1570

NAME AND ADDRESS OF TAXPAYER:
**COMPLETELY CASUAL INC**
**RUBY TUESDAYS**
**805 MAIN ST**
**PARIS, KY 40361-1705**

TO: **FIRST FUNDS LLC**
  **% MICHAEL WHITE**
  **240 W 35TH ST**
  **NEW YORK, NY 10001**

IDENTIFYING NUMBER(S): **31-1501683**

COMP

THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 941 | 09/30/2004 | 7531.40 | 1706.93 | 9238.33 |
| 941 | 12/31/2004 | 87660.91 | 35558.53 | 123219.44 |
| 941 | 03/31/2005 | 10378.72 | 2018.41 | 12397.13 |
| 941 | 09/30/2005 | 9741.81 | 1552.61 | 11294.42 |
| 941 | 12/31/2005 | 123618.06 | 28738.25 | 152356.31 |
| 941 | 06/30/2006 | 78471.28 | 14081.57 | 92552.85 |
| 940 | 12/31/2000 | 0.00 | 7987.82 | 7987.82 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ================⇒

**Total Amount Due** 409046.30

We figured the interest and late payment penalty to **11-18-2007**

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property *(such as money, credits, and bank deposits)* that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

**Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code** must be held for 21 calendar days **from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.**

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

**To respond to this levy —**
  1. Make your check or money order payable to **United States Treasury.**
  2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order *(not on a detachable stub.)*.
  3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
  4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.
If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative | Title |
|---|---|
| /S/ LINDA F EDWARDS | REVENUE OFFICER |

# EXHIBIT D

Form **668-C**

(Rev. December 2001)

Department of the Treasury - Internal Revenue Service

# Final Demand for Payment

To
FIRST FUNDS LLC
% MICHAEL WHITE
240 W 35TH ST
NEW YORK, NY 10001

Date
12/ 05 /2007

On October 19, 2007, a notice of levy was served on FIRST FUNDS LLC at NEW YORK , NY. The notice of levy attached property, rights to property, money, credit, and bank deposits then in your possession, to the credit of, belonging to, or owned by COMPLETELY CASUAL INC, RUBY TUESDAYS of PARIS, KY. Identifying Number(s) 31-1501683. When the notice was served, that person owed and still owes the United States $409046.30. Demand was made on you for the amount shown in the notice of levy, or for any smaller amount you owed the taxpayer, but we have not received your payment.

**Please see section 6332 of the Internal Revenue Code on the back of this form.**

Demand is again made for $409046.30, shown in the notice of levy, or for any smaller amount you owed the taxpayer when the notice of levy was served. Send us payment as explained in the instructions received on the levy within 5 days of getting this demand. If you don't pay within 5 days, we will consider you to have refused our demand and we may then enforce Code Section 6332.

If someone other than the taxpayer has a claim against this property, please complete the back of this form.

| Signature | Address *(City and State)* |
|---|---|
| | 710 (e) 44 04 ST 4FC New York, NY 10036 |
| Title<br>REVENUE OFFICER | Telephone Number<br>20.79.8054 | |

---

| | Certification of Service | |
|---|---|---|
| **I certify that this Final Demand was served by handing a copy to:** | | |
| Name<br>Maria Rodriguez / Sam Bono | Title<br>Office Manager | |
| Place<br>240 W 35 St NY NY 10001 | Date<br>Dec. 5, 2007 | Time<br>3:37 |
| Signature of revenue officer | | Date<br>Dec. 5, 2007 |

212.560.6348

## Sec. 6332. Surrender of Property Subject to Levy

**(a) Requirement.** – Except as otherwise provided in this section, any person in possession of *(or obligated with respect to)* property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights *(or discharge such obligation)* to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

**(b) Special Rule For Life Insurance and Endowment Contracts.** - [Omitted.]

**(c) Special Rule For Banks.** - Any bank *(as defined in section 408(n))* shall surrender *(subject to an attachment or execution under judicial process)* any deposits *(including interest thereon)* in such bank only after 21 days after service of levy.

**(d) Enforcement of Levy.** -

(1) Extent of Personal Liability. - Any person fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy *(or in the case of a levy described in section 6631 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer)*. Any amount *(other than costs)* recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for Violation. - In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property to rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

**(e) Effect of Honoring Levy.** - Any person in possession of *(or obligated with respect to)* property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property *(or discharges such obligation)* to the Secretary *(or who pays a liability under subsection (d)(1))* shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising form such surrender or payment.

**(f) Person Defined.** - The term "person," as used in subsection (a), includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to surrender the property or rights to the property, or to discharge the obligation.

## Other Claims

If someone other than the taxpayer has asserted a claim(s) to the property, rights to property, money, credits, and bank deposits in your possession, please furnish the following information:

| Name, address and telephone number of the claimant | Amount claimed | Date of claim | Type of claim |
|---|---|---|---|
| | | | |